FILED

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JUN 2 9 2006

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                 DEPUTY CLERK

| | |
|---|---|
| JUAN ISIDRO ITZEP, HECTOR MARIO SOLIS PEREZ, MARIA PUGA, RENE de LEON RAMIREZ, JOSE ALEJANDRO ALCARAZ RAMIREZ, JOSE de JESUS ALCARAZ HERNANDEZ, JOSE PEREZ, MARIA del CARMEN RAMOS, ABIGAIL VALDIVIA PEREZ, VICTOR ALCARAZ RUIZ, ELVIA PALACIOS RIOJAS, MARIA ROSARIO BALDERAS<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION, and JIM'S MAINTENANCE & SONS, INC. dba JIM'S MAINTENANCE and JIM'S COMMERCIAL CLEANING SERVICES, and JAMES FUNDERBURGH<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO.<br><br>**SA06CA0568XR** |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

Come now the Plaintiffs, Juan Isidro Itzep, Hector Mario Solis Perez, Maria Puga, Rene de Leon Ramirez, Jose Alejandro Alcaraz Ramirez, Jose de Jesus Alcaraz Hernandez, Jose Perez, Maria del Carmen Ramos, Abigail Valdivia Perez, Victor Alcaraz Perez, Elvia Palacios Riojas, Maria Rosario Balderas and file this original petition against Defendants Target Corporation, Jim's Maintenance & Sons, Inc., and James Funderburgh. For cause of action, Plaintiffs would respectfully show the Court the following:

### NATURE OF THIS ACTION

1.  The Plaintiffs are women and men who have performed cleaning and maintenance work on the overnight shift at Target stores in the San Antonio and Austin areas. The Plaintiffs

allege that Defendants Target and Jim's Maintenance violated federal overtime laws by failing to pay the plaintiffs any overtime wages, even though the plaintiffs, along with many other similar workers, have routinely been required to work approximately 55-70 hours a week, laboring seven days a week with only one day off every other week. Under the federal Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, employees such as the plaintiffs must be paid overtime wages (i.e., one and one half times their regular rate of pay) for all hours they work in excess of 40 hours a week. The Plaintiffs also allege that in many cases the wages they were paid by Target and Jim's Maintenance were so low they fell below the federal minimum wage of $5.15 an hour which the Defendants were required to pay under the FLSA. Plaintiffs bring this action to recover their unpaid minimum wages and overtime compensation, together with liquidated damages, attorney fees and costs, and other relief available under 29 U.S.C. §216.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 29 U.S.C. §216, 28 U.S.C. §1331, and 28 U.S.C. §1337.

3. Venue is proper in this Court under 28 U.S.C. §1391(b)(2).

## PARTIES

4. Each of the Plaintiffs is an individual who is and/or was employed by the Defendants to do routine nightly cleaning and maintenance work at one of the Target stores located in the area of San Antonio or Austin, Texas. Each Plaintiff has consented to the filing of this action, as indicated by the written consents attached hereto and incorporated by reference herein as Exhibit 1.

5. Defendant Target Corporation is a foreign corporation that operates multiple department stores nationwide, including the San Antonio and Austin area. Defendant Target may be served with process by serving its registered agent for service of process, CT Corporation System, located at 350 N. St. Paul St., Dallas, TX, 75201.

6. Defendant Jim's Maintenance & Sons, Inc. dba Jim's Maintenance and Jim's Commerical Cleaning Services is a foreign corporation that provides routine daily cleaning and maintenance service programs for many Target stores in San Antonio, Austin, and other locations. Defendant Jim's Maintenance & Son's, Inc. may be served with process by serving its designated agent for service of process, James Funderburgh, located at 964 N. Choctaw Rd., Choctaw, OK, 73020.

7. Defendant James Funderburgh is CEO of Jim's Maintenance & Sons, Inc. and may be served with process at 964 N. Choctaw Rd., Choctaw, OK, 73020.

## FACTUAL BACKGROUND

8. For purposes of this action, the "relevant period" is defined as that period commencing three years prior to the date this lawsuit was filed, and continuing thereafter.

9. During the relevant period, Defendants have been employers subject to the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*

10. During the relevant period, Plaintiffs have been employed by Defendants as non-exempt workers engaged in routine nightly cleaning and maintenance activities at Target stores located in the San Antonio and Austin areas.

(a) Target stores in the San Antonio area where Plaintiffs have worked include stores located at: Bitters Rd.; Blanco Rd.; Bandera Rd.; Crossroads Mall; Marbach Rd.; SW Military Dr.; SE Military Dr.; Jones Maltsberger Rd.; and De Zavala Rd.

(b) Target stores in the Austin area where Plaintiffs have worked include stores located at: Ben White Blvd. at S. Lamar; Research Blvd. at Ohlen; Highway 2222 and 620; Parmer Lane; and on 620 in Bee Cave.

11. Throughout the relevant period, each Plaintiff worked in excess of 40 hours per week without receiving overtime pay at one and one half times their regular rate of pay for hours in excess of 40 per week as required by 29 U.S.C. § 207.

12. Throughout the relevant period, each Plaintiff worked hours in one or more weeks for which s/he was paid less than the minimum wage required by 29 U.S.C. § 206.

13. As a matter of economic reality, the Plaintiffs were jointly employed by Target and by Jim's Maintenance. Facts demonstrating that the Defendants were employers include, among others:

(a) The work performed by the Plaintiffs for the Defendants was unskilled routine labor that did not require specialized training, equipment, expertise or business judgment.

(b) The work performed by the Plaintiffs was a necessary, routine, and integral part of the daily business of the Target stores where they worked.

(c) The work was performed by the Plaintiffs daily on the premises of Defendant Target on a relatively permanent basis for an ongoing and indefinite period of time.

(d) On a number of occasions, Plaintiffs enjoyed a continuous employment relationship with Target, even as one cleaning contractor replaced the next.

(e) The Defendants had effective shared authority over the Plaintiffs, including hiring and firing decisions, supervision, control, pay records, work terms, and work schedules.

(f) The Plaintiffs were jointly dependent on each of the Defendants for the materials and equipment used in their work and for their terms and conditions of employment.

(g) Each of the Defendants acted directly or indirectly in the interest of the other Defendant employer in relation to the Plaintiffs and were not completely disassociated from one another with respect to the Plaintiffs' employment.

## FIRST CAUSE OF ACTION

14. Paragraphs 1-13 are incorporated by reference herein.

15. Defendants violated 29 U.S.C. §207 by failing to pay Plaintiffs one and one half times their regular rate for all hours in excess of 40 worked per week during their employment with Defendants. Plaintiffs sue Defendants for their unpaid overtime wages, plus an equal amount as liquidated damages, plus attorney fees and costs.

## SECOND CAUSE OF ACTION

16. Paragraphs 1-15 are incorporated by reference herein.

17. Defendants violated 29 U.S.C. §206 by failing to pay the Plaintiffs a wage equal to the minimum wage specified therein for each hour of work performed by Plaintiffs for

Defendants. Plaintiffs sue Defendants for the difference between the hourly wage actually received by them and the minimum wage, plus an equal amount as liquidated damages, plus attorney fees and costs.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiffs respectfully request that Defendants be cited to appear and answer herein, and that upon final hearing, the Court grant Plaintiffs relief as follows:

A. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §207, by failing to pay the Plaintiffs overtime at one and one half times their regular hourly rate for all hours in excess of 40 worked during each 7-day workweek period.

B. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §206, by failing to pay the Plaintiffs an hourly rate at or exceeding the minimum wage specified therein for each hour of work performed by Plaintiffs on behalf of Defendants.

C. Order Defendants to pay each Plaintiff his/her unpaid wages in an amount equal to the difference between what the Plaintiff actually received and what the Plaintiff would have received had Defendants properly complied with the minimum wage and overtime provisions of the Fair Labor Standards Act.

D. Order Defendants to pay each Plaintiff liquidated damages in an amount equal to their unpaid wages.

E. Order Defendants to pay each Plaintiff pre-judgment interest for all backpay amounts awarded.

F. Order Defendants to pay Plaintiffs reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b).

G. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendants.

H. Order all further relief, whether legal, equitable or injunctive, to which Plaintiffs may be entitled and as may be necessitated to effectuate full relief to the Plaintiffs.

Respectfully submitted,

William H. Beardall, Jr.
Texas Bar No. 01980600
Victoria Gavito
Texas Bar No. 24045930
EQUAL JUSTICE CENTER and
TRANSNATIONAL WORKER RIGHTS CLINIC
510 S. Congress Ave., Suite 206
Austin, TX 78704
(512) 474-0007
FAX (512) 474-0008

B. Craig Deats
DEATS, DURST, OWEN & LEVY, PLLC
Texas Bar No. 05703700
1204 San Antonio Street, Suite 203
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

Joseph P. Berra
LAW OFFICE OF JOSEPH P. BERRA
Texas Bar No. 24027144
214 Avant Ave.
San Antonio, Texas 78210
(210) 383-0418
FAX (210) 225-3958

By: William H. Beardall, Jr.
Texas Bar I.D. No. 1980600

ATTORNEYS FOR PLAINTIFFS