UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
JAN 29 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY CLERK

| | |
|---|---|
| JUAN ISIDRO ITZEP, et al., | |
| Plaintiffs, | |
| vs. | C.A. NO. SA-06-CA-0568-XR |
| TARGET CORPORATION, JIM'S MAINTENANCE & SONS, INC. d/b/a JIM'S MAINTENANCE and JIM'S COMMERCIAL CLEANING SERVICES, and JAMES FUNDERBURGH, | JURY TRIAL DEMANDED BY JIM'S MAINTENANCE & SONS, INC. d/b/a JIM'S MAINTENANCE AND JIM'S COMMERCIAL CLEANING SERVICES |
| Defendants. | |

## DEFENDANTS JIM'S MAINTENANCE & SONS, INC. d/b/a JIM'S MAINTENANCE AND JIM'S COMMERCIAL CLEANING SERVICES, AND JAMES FUNDERBURGH ANSWER TO DEFENDANT TARGET CORPORATION'S CROSS CLAIMS

COME NOW Defendants Jim's Maintenance & Sons, Inc. d/b/a Jim's Maintenance and Jim's Commercial Cleaning Services, and James Funderburgh (hereinafter "Jim's Maintenance" and for their Answer to Defendant Target Corporation's (hereinafter "Target") Cross Claims would state as follows:

1. Admitted
2. Admitted
3. Admitted
4. Admitted
5. Admitted
6. Denied
7. Denied
8. Denied
9. Admitted that Target and Jim's Maintenance entered into a building services contract but deny that the contract is in existence today.
10. Jim's Maintenance admits that both Target and Jim's Maintenance entered into a building services contract at some time in 2005 which was subsequently amended and modified by Target unilaterally without the consent of Jim's Maintenance. All other allegations in paragraph 10 are denied.

11. It is admitted by Jim's Maintenance that Target made payments and performed some obligation with contracts with Jim's Maintenance but denies that it made all payments or performed all obligations under the contract with Jim's Maintenance.

12. The contract may have specified that Target was not the employer jointly or otherwise of Jim's Maintenance workers, but that it is an illegal contract in that two parties cannot determine the status of the parties relationships, only the law controls that.

13. Jim's Maintenance will admit that the contracts provided him to perform the work while complying with all federal, state and local laws. Jim's Maintenance denies that he had to comply with overtime and minimum wage laws since he was not the employer of any of the workers, but that Target was the employer of these workers.

14. It is admitted that one of the contracts required Jim's Maintenance to identify and hold Target harmless under certain conditions; however, that fact that Target is being sued by these plaintiffs as their status as an employer does not subject Jim's Maintenance to any indemnification under the contract whether the contract is valid or not.

15. Denied.

16. Denied.

17. Jim's Maintenance admits that plaintiffs alleged that Target and Jim's Maintenance are jointly responsible as joint employers of the plaintiffs. However, as stated in the Answer of Defendant Jim's Maintenance denies that the are the employer of the plaintiffs. Jim's Maintenance state that Target is the employer of the plaintiffs and therefore Target must comply with the Fair Labor Standards Act.

18. Jim's Maintenance states that Target is the employer of the plaintiffs. Jim's Maintenance would deny that the indemnity clause of any contract entered into between Jim's Maintenance and Target would require Jim's Maintenance to be held responsible for any of the expenses and/or attorneys' fees or claims that were paid by Target to the plaintiffs.

19. Jim's Maintenance denies that Target has incurred significant expenses in this lawsuit and also denies continuing expenses that are somehow attributable to Jim's Maintenance. Jim's Maintenance denies that it is responsible for indemnification for any of Target's expenses in this lawsuit.

20. Jim's Maintenance incorporates by reference the other paragraphs in the Answer - paragraphs 1-19.

21. Since there were no attached contracts to Target's cross claims, Jim's maintenance

denies any and all allegations in this paragraph.

WHEREFORE, Jim's Maintenance prays that this Court deny the cross claims filed by Target against them for any indemnification for judgment, loss, damages or expense; that Jim's Maintenance requests that the Court grant its costs and expenses including attorneys' fees incurred in defending these cross claims, and that Jim's Maintenance be awarded any other legal and equitable relief to which it is granted.

22. Jim's Maintenance incorporates by reference paragraphs 1-21.

23. Jim's Maintenance admits that they were required under a contract to perform some work while complying with all federal, state and local laws. Jim's Maintenance denies that he had to comply with the laws regarding overtime and minimum wage since Jim's Maintenance was not the employer of the plaintiffs, but that Target was the employer.

24. Denied.

25. Denied.

26. Denied.

27. Denied, and requests that Target offer proof and evidence to support any damages or expenses as a result of the alleged breach.

WHEREFORE, Jim's Maintenance prays that this Court deny any claim for damages as to Target's cross claims under the theory of indemnification, breach of contract or any other theory of law against Jim's Maintenance; Jim's Maintenance requests that the Court deny any expenses, attorneys' fees and costs alleged by Target against Jim's Maintenance; Jim's Maintenance requests that this Court grant costs and expenses including attorneys' fees incurred in defending this cross claim filed by Target, and that the Court grant equitable and legal relief to which Jim's Maintenance is entitled.

28. Jim's Maintenance incorporates by reference paragraphs 1-27.

29. Jim's Maintenance denies that there is any need to pierce the corporate veil for Jim's Maintenance and hold James Funderburgh personally liable and therefore denies any of the allegations in paragraph 29.

## AFFIRMATIVE DEFENSES

30. Duress.

31. Undue influence

32. Reformation of the contracts

33. That the contract in unconscionable

34. Failure of consideration
35. Release
36. Statue of limitations
37. Waiver
38. Estoppel
39. Contributory negligence
40. Fraud
41. Accordance satisfaction

WHEREFORE, Jim's Maintenance prays that this Court deny any relief requested in equity or in law against James Funderburgh or Jim's Maintenance arising out of the theories of indemnity, breach of contract, equity, and also would request the Court deny any expenses including attorneys' fees and costs incurred by Target in bringing these cross claims. Jim's Maintenance also requests that the Court deny any equitable relief requesting that James Funderburgh be personally responsible for any claims made by Target against him or for any actions by Jim's Maintenance. Jim's Maintenance also requests that the Court deny Target's Claims for expenses and costs, including attorneys' fees, incurred in bringing this action. Jim's Maintenance requests that the Court grant attorneys' fees and costs to Jim's Maintenance in defending this cross claim filed by Target, and for any and other legal and equitable relief to which Jim's Maintenance is entitled.

Respectfully submitted,

*/s/ Richard A. Pizzo*

RICHARD A. PIZZO, OBA# 11964
THE PIZZO LAW FIRM
1515 South Denver Avenue
Tulsa, Oklahoma 74119-3828
918.599.8118 voice
918.599.8119 facsimile
pizzo@pizzolaw.com
john@pizzolaw.com
ATTORNEY FOR DEFENDANTS JIM'S MAINTENANCE & SONS, INC. d/b/a JIM'S MAINTENANCE AND JIM'S COMMERCIAL CLEANING SERVICES, AND JAMES FUNDERBURGH

## CERTIFICATE OF SERVICE

This is to certify that on the 25th day of January, 2007, a true and correct copy of the above and foregoing instrument was mailed with proper postage thereon, to:

B. Craig Deats
Deats, Durst, Owen & Levy, P.L.L.C.
1204 San Antonio Street, Suite 203
Austin, Texas 78701
*Attorney for Plaintiffs*

Joseph Pacifico Berra
Law Office of Joseph P. Berra
209 Avant Avenue
San Antonio, Texas 78210
*Attorney for Plaintiffs*

Victoria I. Gavito
William H. Beardall
Equal Justice Center
510 S. Congress Avenue, Suite 206
Austin, Texas 78704-1738
*Attorney for Plaintiffs*

David Turner Wiley
James M. Coleman
Thomas A. Davis
W. Scott McLellan
Ashlee Mann Ligarde
Constangy, Brooks & Smith, LLC
1819 Fifth Avenue North, Suite 900
Birmingham, Alabama 35203
*Attorneys for Target Corporation*

John C. Branch
Philip A. Hurtt
CONNEL HURTT & HURTT PC
4912 South Western Avenue
Oklahoma City, Oklahoma 73109
*Attorney for Defendants Jim's Maintenance, Inc., and James A. Funderburgh*

_____
RICHARD A. PIZZO