IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| Juan Isidro Itzep *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | SA-06-CA-0568-XR |
| TARGET CORPORATION; JIM'S ) | |
| MAINTENANCE & SONS, INC. ) | |
| d/b/a JIM'S MAINTENANCE and ) | |
| JIM'S COMMERCIAL CLEANING ) | |
| SERVICES; and JAMES ) | |
| FUNDERBURGH, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT
AND SUPPORTING BRIEF ON CROSS CLAIMS AGAINST JIM'S MAINTENANCE**

Pursuant to Fed. R. Civ. P. 56(e), defendant Target Corporation ("Target") moves the Court for summary judgment as to its cross claims against defendant Jim's Maintenance. There are no genuine issues of material fact and Target is entitled to judgment as a matter of law.

## I.   INTRODUCTION

Although a full recitation of the relevant facts is set forth in the Appendix filed in support of this motion, a summary is provided here. Target and Jim's Maintenance entered into a series of contracts whereby Jim's Maintenance was to provide overnight cleaning services as a number of Target stores. Plaintiffs were hired as cleaners (or as in the case of two plaintiffs, as district supervisors). Following Target's termination of its contracts with Jim's Maintenance in May 2006, plaintiffs brought suit against Jim's Maintenance, claiming that the company violated the FLSA by failing to pay overtime and/or minimum wage for the work they performed. Plaintiffs further assert that Target jointly employed them and therefore that it likewise is liable for the

alleged FLSA violations. Target denies that it employed plaintiffs, jointly or otherwise, and has separately moved for summary judgment as to the claims asserted by plaintiffs. Target also has asserted cross claims against Jim's Maintenance for breach of contract and indemnification, based on Jim's Maintenance's now-admitted violations of the employment and wage-and-hour provisions of the contracts and the claims asserted against Target by plaintiffs as a result.

## II.  ARGUMENT AND CITATION OF AUTHORITY

### A.  Summary Judgment Standard

Fed. R. Civ. P. 56 provides that summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986), cert. denied, 484 U.S. 1066 (1988). The party seeking summary judgment has the burden of informing the court of the basis for its motion, identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. Id. at 323. If the moving party demonstrates an absence of evidence, the burden shifts to the non-moving party to prove the existence of a material "genuine dispute." Id. This burden cannot be satisfied through mere conclusory allegations of a "genuine dispute." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), cert. denied, 481 U.S. 1029 (1987).

### B.  Target is Entitled to Summary Judgment On Its Cross Claim For Indemnification.

Target is entitled to judgment as a matter of law on its cross claim for indemnification against Jim's Maintenance. It is undisputed that Target and Jim's Maintenance entered into the Agreements to provide cleaning services at various Target locations, including stores in Texas (Smith Depo. pp. 33, 64; Pl. Exh. 1 to Smith Depo.; J. Funderburgh Depo. pp. 17, 37). Jim's Maintenance was under no obligation to enter into the contracts and was not prohibited from

seeking advice from an attorney prior to signing the contracts (B. Funderburgh Depo. pp. 12, 74, 75; J. Funderburgh Depo. pp. 114-15). Both Bryan Funderburgh, President of Jim's Maintenance, and Jim Funderburgh, CEO of Jim's Maintenance, reviewed the terms and conditions contained in the contracts, and acknowledged that there could be legal consequences for failing to comply with the terms of the contracts (B. Funderburgh Depo. pp. 12, 74, 75; J. Funderburgh Depo. pp. 113-14). Pursuant to the contracts, Jim's Maintenance is required to indemnify Target from and against any claims or suits "which relate to, arise out of, or are asserted or incurred as a result of Contractor's performance of Services [or] Contractor's failure to perform its obligations" under the Agreements (Pl. Exh. 1 to Smith Depo., at para. 11).

Under Minnesota law, where the language of a contract is plain and unambiguous, the meaning of the contract is to be determined from the writing alone and no interpretation is necessary. Imlay v. Lake Crystal, 453 N.W.2d 326, 334 (Minn. 1990) (citing Carl Bolander & Sons, Inc. v. United Stockyards Corp., 215 N.W.2d 473, 476 (Minn. 1974).[1] Moreover, the rules applicable to the construction of contracts apply generally to indemnity agreements. Union Elec. Co. v. Southwestern Bell Tel., L.P., 378 F.3d 781, 786 (8th Cir. 2004). Indemnity contracts will be fairly construed so as to accomplish their stated purpose. Potvin v. John Hancock Mut. Life Ins. Co., 2000 Minn. App. Lexis 747, at *5 (Minn. Ct. App. Jul. 18, 2002) (citing Sorenson v. Safety Flate, Inc., 235 N.W.2d 848, 852 (Minn. 1975)).

In the case at bar, the contracts unambiguously require Jim's Maintenance to indemnify Target from and against any claims or suits "which relate to, arise out of, or are asserted or incurred as a result of Contractor's performance of Services [or] Contractor's failure to perform its obligations" under the contracts. This indemnification provision clearly applies to the instant

---

[1] The contracts provide that performance under the contracts shall be governed by the laws of the State of Minnesota. See, e.g. Pl. Exh. 1 to Smith Depo., at para. 19.

3

lawsuit, and includes the costs and expenses Target has incurred and will continue to incur as a result of the FLSA claims asserted by plaintiffs. Plaintiffs' lawsuit arises out of Jim's Maintenance's performance of cleaning services under the contracts and its failure to perform its obligations under those contracts, mainly, its obligation to pay all earned compensation, including overtime, to any person employed to perform such services. Based on the undisputed contractual language of the contracts, Target is entitled to indemnification from Jim's Maintenance for any liability that it may ultimately be required to pay plaintiffs, including its attorneys' fees and expenses in defending itself against such the claims.

Daniels v. Board of Trustees of the Herrington Municipal Hospital, 841 F. Supp. 363 (D. Kan. 1993), is informative. In Daniels, four emergency medical technicians filed suit against the defendant hospital, alleging that they were not properly compensated for overtime, in violation of the FLSA. The hospital cross-claimed against the co-defendant county, alleging that the county was contractually obligated to reimburse the hospital for any judgment entered against the hospital and for attorneys' fees, costs, and expenses. Id. at 364. The contract between the county and the hospital provided that the county "shall pay to the Hospital the difference between the income and expenditures." Id. at 368. The court interpreted this language to include liability expenses arising out of the plaintiffs' lawsuit and attorney's fees. Id. Because the county had a contractual obligation to reimburse the hospital for any expenditures that exceeded its income, the county was required to indemnify the hospital for its settlement costs and attorneys' fees. Id. at 370. In the present case, the contractual language at issue is even clearer than the wording of the "indemnity clause" in Daniels, specifically providing that Jim's Maintenance is obligated to indemnify Target for any liability it may incur, including attorney's costs and fees, as a result of the actions of Jim's Maintenance.

Target and Jim's Maintenance knowingly entered into a contract where the clear, unambiguous language requires Jim's Maintenance to indemnify Target. To hold that the contract does not require such a result would violate the parties' freedom to enter into a contract of their choosing. Where a contract does not violate the law nor contravene public policy, parties are within their rights and it is the Court's duty to effectuate the stated purpose of the contract. Northern Pac. Ry. Co. v. Thornton Bros. Co., 288 N.W. 226, 227 (Minn. 1939). Accordingly, not only is Target entitled to any and all fees and expenses accrued as a result of defending itself against the claims brought by former Jim's Maintenance employees, Jim's Maintenance further must indemnify Target for any award of damages resulting from plaintiffs' claims.

C. **Target Is Entitled to Summary Judgment on Its Cross Claim For Breach of Contract.**

Target further is entitled to judgment as a matter of law on its cross claim against Jim's Maintenance for breach of contract. The elements of a breach of contract claim are (1) the formation of a contract; (2) performance by plaintiff of any conditions precedent; and (3) a breach of contract by the defendant. Industrial Rubber Applicators, Inc. v. Eaton Metal Prods. Co., 171 N.W.2d 728, 731 (Minn. 1969), overruled on other grounds, Standslast v. Reid, 231 N.W.2d 98 (Minn. 1975). The plaintiff (here, the cross-claimant) must also show that the breach caused damages. Nguyen v. Control Data Corp., 401 N.W.2d 101, 105 (Minn. App. 1987).

Target and Jim's Maintenance entered into a series of contracts under which Jim's Maintenance agreed to perform cleaning services at certain Target stores. Pursuant to the undisputed language of the contracts, Jim's Maintenance promised to "comply with all federal, state and local government laws, regulations, and requirements applicable to Contractor's performance under this Agreement" (Pl. Exh. 1 to Smith Depo., at para. 6). Jim's Maintenance

5

also agreed to "pay all taxes imposed by reason of the employment of such persons, including, but not limited to, any payroll taxes, social security taxes, unemployment compensation taxes and the like; and *shall pay to all such persons all earned compensation including any required overtime*." Id. (emphasis added).  In accordance with the Agreements, Jim's Maintenance was responsible for complying with the FLSA and appropriately compensating its employees.

Jim's Maintenance now admits that it breached the contract, not only by hiring its cleaners as independent contractors, but by not paying them any overtime throughout the time that it maintained contracts with Target.  (J. Funderburgh Depo. pp. 75, 81, 129, 206-08, 213; Smith Depo. pp. 97-98, 125-26, 133-34, 287-89, 308-312; Def. Exhs. 2 & 4 to Smith Depo.; Tallant Declaration, at para. 5; Stover Declaration, at para. 4).

As a result of Jim's Maintenance's breach of the contract, Target has suffered substantial damages.  These damages include, but are not limited to, the costs and expenses associated with defending the lawsuit brought by plaintiffs and any liability that may eventually be assessed against Target.  Target has also suffered damages in the form of costs and expenses incurred in bringing its cross claims against Jim's Maintenance.  As Jim's Maintenance has failed to demonstrate any issue of material fact regarding its obligations under the contracts, Target is entitled to judgment as a matter of law on its cross claims against Jim's Maintenance.

## IV.   CONCLUSION

For all of the reasons asserted herein, defendant Target Corporation is entitled to summary judgment on its cross claims for indemnification and breach of contract asserted against defendant Jim's Maintenance.

Respectfully submitted,


*s/ David T. Wiley*
Thomas A. Davis
David T. Wiley
Shannon L. Miller
JACKSON LEWIS LLP
First Commercial Bank Building
800 Shades Creek Parkway, Ste. 870
Birmingham, Alabama 35209
Tel: (205) 332-3101/3102/3104
Fax: (205) 332-3131
davist@jacksonlewis.com
wileyd@jacksonlewis.com
millers@jacksonlewis.com

William L. Davis
Texas Bar No. 05563800
JACKSON LEWIS LLP
3811 Turtle Creek Blvd., Suite 500
Dallas, Texas 75219
Tel: (214) 520-2400
Fax: (214) 520-2008

**Counsel for Defendant Target Corporation**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of December, 2007, a copy of the foregoing has been served upon all counsel of record via the CM/ECF System:

> William H. Beardall, Jr.
> Victoria Gavito
> EQUAL JUSTICE CENTER and
> TRANSNATIONAL RIGHTS CLINIC
> 510 S. Congress Ave., Ste. 206
> Austin, TX 78704
>
> B. Craig Deats
> DEATS, DURST, OWEN & LEVY, PLLC
> 1204 San Antonio Street, Ste. 203
> Austin, TX 78701
>
> Joseph P. Berra
> LAW OFFICE OF JOSEPH P. BERRA
> 214 Avant Avenue
> San Antonio, TX 78210
>
> Richard A. Pizzo
> The Pizzo Law Firm
> 1515 South Denver Avenue
> Tulsa, Oklahoma 74119-3828

                                        *s/ David T. Wiley*
                                        Counsel of Record

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| Juan Isidro Itzep *et al.*, | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. SA-06-CA-0568-XR |
| TARGET CORPORATION *et al.* | ) ) ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANT TARGET CORPORATION'S MOTION FOR SUMMARY
JUDGMENT ON CROSS CLAIMS AGAINST JIM'S MAINTENANCE**

Before the Court comes defendant Target Corporation and moves the Court for summary judgment on the cross claims it has asserted against defendant Jim's Maintenance. Having considered the submissions of the parties and applicable law, the Court is of the opinion that the motion, is due to be, and hereby is, **GRANTED**. The evidence unequivocally demonstrates that Jim's Maintenance breached its contract with Target by failing to comply with the provisions of the contract requiring it to hire its cleaners as employees and not as independent contractors, failed to pay its cleaners for overtime and otherwise failed to comply with its contractual obligations concerning the employment of its cleaners. Further, as such breaches of contract caused FLSA claims to be asserted against Target, and as the contract explicitly provides for indemnification by Jim's Maintenance as to any such claims, Target is entitled as a matter of law to the extent that Target is found to be liable for such claims.

IT IS SO ORDERED this the __ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE