Plaintiffs' Appendix of Summary Judgment Evidence

# Exhibit 11

**TARGET**

CERTIFIED MAIL - RETURN RECEIPT REQUESTED

August 2, 2005

JIM'S MAINTENANCE AND SONS, INC.
18611 N.E. 23rd Street
Harrah, OK 73045

RE: Service Agreement Termination Notice

Contractor      : JIM'S MAINTENANCE AND SONS, INC.
Type of Service : Housekeeping (Floor) Maintenance

Please be advised that, per the Terms of the above referenced Service Agreement, Target is hereby exercising its right to terminate the Service Agreement effective September 2, 2005 at 11:00 a.m. for the stores at the locations listed on the attached document.

Thank you for your business partnership.

Sincerely,

Debra Darsow
Building Services Contract Administration
Team Lead

Enclosure: Housekeeping Service Agreement Termination

/dmd

cc: Brenda Churchill
    Ted Fisher

**EXHIBIT**
P/f  11
10/2/17     N. Gisch

TARGET/ITZEP
Confidential
0127

8/2/05- rptTerminate          JIM'S MAINTENANCE AND SONS, INC.

1000 Nicollet Mall, TPN-7, Minneapolis, MN 55403

## Housekeeping Service Agreement Termination

### Contractor: Jim's Maintenance

| S - | Name | Address | City | State | Zip Code | Terminate Effective |
|---|---|---|---|---|---|---|
| 1354 | San Antonio N | 16265 Blanco Rd | San Antonio North | TX | 78256 | 9/2/2005 @ 11am Local Time |
| 1523 | Balcones Heights Crossroads | 4522 Fredricksburg Road | Balcones Hgts | TX | 78201-6521 | 9/2/2005 @ 11am Local Time |
| 1797 | Austin NW | US 183 & Lakeline Mall Drive | Austin | TX | 78717 | 9/2/2005 @ 11am Local Time |
| 1817 | Austin NE | SEC I-35 & Parmer Lane | Austin | TX | 78753 | 9/2/2005 @ 11am Local Time |
| 531 | Lawrence | 3201 Iowa | Lawrence | KS | 66046 | 9/2/2005 @ 11am Local Time |
| 1757 | Overland Park | 12200 Blue Valley Parkway | Overland Park | KS | 66213 | 9/2/2005 @ 11am Local Time |
| 1759 | Shawnee | 15700 Shawnee Mission Parkway | Shawnee | KS | 66217 | 9/2/2005 @ 11am Local Time |
| 1977 | St. Joseph | 5201 N. Belt Hwy., Ste H | St. Joseph | MO | 64506-1297 | 9/2/2005 @ 11am Local Time |
| 80 | Wichta Falls | 4317 Kemp Boulevard | Wichita Falls | TX | 76308 | 9/2/2005 @ 11am Local Time |
| 221 | Amarillo | 8201 I-40 West | Amarillo | TX | 79121 | 9/2/2005 @ 11am Local Time |
| 770 | Midland | 4001 North Midland Drive | Midland | TX | 79707 | 9/2/2005 @ 11am Local Time |
| 1506 | Odessa | 3909 East 42nd Street | Odessa | TX | 79762 | 9/2/2005 @ 11am Local Time |
| 1177 | Kansas City-North | 8420 N. Madison Avenue | Kansas City | MO | 64155 | 8/2/2005 @ 11am Local Time |
| 1201 | KSC-Independence | 17810 E. 39th Street | Indepence | MO | 64055 | 9/2/2005 @ 11am Local Time |
| 1388 | Chouteau | 4375 Chouteau Trafficway | Kansas City | MO | 64117 | 9/2/2005 @ 11am Local Time |
| 1392 | Lees Summit | 1850 N W Chipman Rd | Lee's Summit | MO | 64081 | 9/2/2005 @ 11am Local Time |
| 1455 | Liberty | 9220 NE Barry Road | Kansas City | MO | 64158 | 9/2/2005 @ 11am Local Time |
| 1538 | Belton | 1106 East North Avenue | Belton | MO | 64012-5104 | 9/2/2005 @ 11am Local Time |
| 1840 | Leawood | State Line Road & Missouri 150 Highway | Kansas City | MO | 64145 | 9/2/2005 @ 11am Local Time |
| 92 | Wichta East | 301 South Armour | Wichta | KS | 67207 | 9/2/2005 @ 11am Local Time |
| 355 | Topeka | 2120 Wanamaker Road SW | Topeka | KS | 66614 | 9/2/2005 @ 11am Local Time |
| 905 | Salina | 2939 Market Place | Salina | KS | 67401 | 9/2/2005 @ 11am Local Time |
| 906 | Garden City | 2401 East Kansas Ave | Garden City | KS | 67846 | 9/2/2005 @ 11am Local Time |
| 946 | Hutchinson | 1529 E 17th Street | Hutchinson | KS | 67501 | 9/2/2005 @ 11am Local Time |
| 1821 | Manhattan | 800 Commons Place | Manhattan | KS | 66503 | 9/2/2005 @ 11am Local Time |
| 1943 | Wichta Far West | 7575 West Maple | Wichta | KS | 67209 | 9/2/2005 @ 11am Local Time |
| 1944 | Wichta NE | 10800 E 21st St N | Wichta | KS | 67226 | 9/2/2005 @ 11am Local Time |
| 1945 | Wichta NW | 2727 Maize Road | Wichta | KS | 67205 | 9/2/2005 @ 11am Local Time |
| 1436 | Ward Parkway | 8509 State Line Road | Kansas City | MO | 64114 | 9/2/2005 @ 11am Local Time |
| 1467 | Mission | 83rd Street and Metcalf | Mission | KS | 66202 | 9/2/2005 @ 11am Local Time |
| 1543 | Olathe South | 20255 W. 154th Street | Olathe | KS | 66062-7055 | 9/2/2005 @ 11am Local Time |
| 1756 | Olathe | 15345 W 119th St | Olathe | KS | 66062 | 9/2/2005 @ 11am Local Time |
| 1842 | Overland Park South | 151st Street and Interstate 69 | Overland Park | KS | | 9/2/2005 @ 11am Local Time |
| 19 | Tulsa | 1701 South Yale | Tulsa | OK | 74112 | 9/2/2005 @ 11am Local Time |
| 43 | Oklahoma City N | 5400 North May Avenue | Oklahoma City | OK | 73112 | 9/2/2005 @ 11am Local Time |
| 44 | Oklahoma City S | 800 SW 44th Street | Oklahoma City | OK | 73109 | 9/2/2005 @ 11am Local Time |
| 46 | Norman | 2417 West Main Street | Norman | OK | 73069 | 9/2/2005 @ 11am Local Time |
| 162 | North Little Rock | 4000 McCain Boulevard | N. Little Rock | AR | 72116 | 9/2/2005 @ 11am Local Time |
| 270 | Eastland | 14009 East 21 Street | Tulsa | OK | 74134 | 9/2/2005 @ 11am Local Time |
| 625 | Albuquerque NW | 9371 Coors Road NW | Albuquerque | NM | 87114 | 9/2/2005 @ 11am Local Time |
| 774 | Joplin | 3151 East 7th St | Joplin | MO | 64801 | 9/2/2005 @ 11am Local Time |
| 1031 | Springfield | 1825 East Primrose | Springfield | MO | 65804 | 9/2/2005 @ 11am Local Time |
| 1034 | Santa Fe | 3550 Zafarano Street | Santa Fe | NM | 87505 | 9/2/2005 @ 11am Local Time |
| 1397 | Quail Springs | 13924 N Pennsylvania Ave | Oklahoma City | OK | 73134 | 9/2/2005 @ 11am Local Time |
| 1398 | Edmond | 1200 E 2nd Street | Edmond | OK | 73083 | 9/2/2005 @ 11am Local Time |
| 1782 | Tulsa SE | 10711 E 71st Street S | Tulsa | OK | 74133 | 9/2/2005 @ 11am Local Time |
| 1860 | Oklahoma City NW | 8315 N. Rockwell Ave. | Oklahoma City | OK | 73132 | 9/2/2005 @ 11am Local Time |
| 1891 | Conway | 501 Elsinger Rd. | Conway | AR | 72032 | 9/2/2005 @ 11am Local Time |
| 683 | Austin SE | 6405 South Interstate Hwy 35 | Austin | TX | 78744 | 9/2/2005 @ 11am Local Time |
| 948 | NW San Antonio | 12021 I H-10 West | San Antonio | TX | 78230 | 9/2/2005 @ 11am Local Time |
| 954 | Killeen | 2500 E Central Tx Expwy | Killeen | TX | 76543 | 9/2/2005 @ 11am Local Time |
| 994 | New Braunfels | 642 S Walnut Street | New Braunfels | TX | 78130 | 9/2/2005 @ 11am Local Time |
| 1542 | Austin East | 6621 N I H 35 | Austin | TX | 78723 | 9/2/2005 @ 11am Local Time |
| 1785 | San Antonio W | 11311 Bandera Road | San Antonio | TX | 78250 | 9/2/2005 @ 11am Local Time |
| 1852 | San Antonio SE | 3227 Southeast Military Dr. | San Antonio | TX | 78223 | 9/2/2005 @ 11am Local Time |
| 83 | Lubbock | 7302 University Avenue | Lubbock | TX | 79423 | 9/2/2005 @ 11am Local Time |
| 219 | Abilene | 3710 Ridgemont Drive | Abilene | TX | 79606 | 9/2/2005 @ 11am Local Time |
| 254 | San Angelo | 4235 Sunset Drive | San Angelo | TX | 76904 | 9/2/2005 @ 11am Local Time |
| 176 | Bitters | 13700 San Pedro Avenue | San Antonio | TX | 78232 | 9/2/2005 @ 11am Local Time |
| 95 | Austin North | 8601 Research Boulevard | Austin | TX | 78758 | 9/2/2005 @ 11am Local Time |
| 96 | Austin South | 2300 West Ben White | Austin | TX | 78704 | 8/2/2005 @ 11am Local Time |
| 177 | Walzem | 5330 Walzem Road | San Antonio | TX | 78218 | 9/2/2005 @ 11am Local Time |
| 771 | San Antonio | 2810 Southwest Military Dr | San Antonio | TX | 78224 | 9/2/2005 @ 11am Local Time |
| 1061 | Austin-Southwest | 5300 S. Mopac | Austin | TX | 78749 | 9/2/2005 @ 11am Local Time |
| 1066 | Round Rock | 121 Louis Henna | Round Rock | TX | 78664 | 9/2/2005 @ 11am Local Time |
| 1067 | San Antonio | 8421 U.S. Hwy 281 N | San Antonio | TX | 78216 | 9/2/2005 @ 11am Local Time |
| 1203 | San Marcos | 1180 Thorpe lane | San Marcos | TX | 78666 | 9/2/2005 @ 11am Local Time |
| 1204 | Selma | 8234 Agora Parkway | Selma | TX | 78154 | 9/2/2005 @ 11am Local Time |
| 1531 | Waco | 5401 Bosque Blvd | Waco | TX | 76710-4442 | 9/2/2005 @ 11am Local Time |

TARGET/ITZEP
Confidential
0128

# Housekeeping Service Agreement Termination

## Contractor: Jim's Maintenance

| S | Name | Address | City | State | Zip Code | Terminate Effective |
|---|---|---|---|---|---|---|
| 1812 | Bee Cave | 3702 Ranch Rd. 620 S. | Bee Caves | TX | 78738 | 9/2/2005 @ 11am Local Time |
| 1114 | Little Rock | 12700 Chenal Parkway | Little Rock | AR | 72211 | 9/2/2005 @ 11am Local Time |
| 1470 | Fayetteville | 3545 North Shiloh Drive | Fayetteville | AR | 72703 | 9/2/2005 @ 11am Local Time |
| 356 | Alburquerque Wyoming | 8710 Montgomery Blvd NE | Albuquerque | NM | 87111 | 9/2/2005 @ 11am Local Time |
| 357 | Alburquerque Lomas | 11120 Lomas Blvd NE | Albuquerque | NM | 87112 | 9/2/2005 @ 11am Local Time |
| 952 | Farmington | 4900 East Main Street | Farmington | NM | 87401 | 9/2/2005 @ 11am Local Time |
| 1117 | Rio Rancho | 4225 Crestview Dr. S.E. | Rio Rancho | NM | 87124 | 9/2/2005 @ 11am Local Time |

TARGET/ITZEP
Confidential
0129

8/2/2005

Plaintiffs' Appendix of Summary Judgment Evidence

# Exhibit 12

Target Corporation Procurement Contract Services
Building Services Service Agreement
Version Dated February 24, 2005

# TARGET CORPORATION BUILDING SERVICES
# SERVICE AGREEMENT

This Target Corporation Building Services Service Agreement (the **Agreement**) is made by and between Target Corporation (**Target**) and the contractor identified in Section 1 below (**Contractor**). All references to **Services** shall mean the tasks or projects to be performed for Target.

1.    **Contractor.**  The Contractor that has agreed to perform the Services for Target pursuant to this Agreement is the following person or entity:

| | |
|---|---|
| Name of Business: | Jim's Maintenance |
| Type of Business Entity (corporation, LLC, sole proprietor, etc...): | |
| Principal Address and Phone Number: | |
| Principal Officer: | |
| Employer Tax I.D. Number: | |

2.    **Services.**  During the term of this Agreement, Contractor agrees to perform the following Services: (check applicable box)

☐ Landscaping          ☐ Snow and Ice Control   ☐ Vertical Maintenance
☐ Pest Control         X Housekeeping            ☐ HVAC Maintenance
☐ Lot Sweeping         ☐ Re-lamping             ☐ Alarm Maintenance

Housekeeping Services for Target Stores

**EXHIBIT**
P/F 12
10/2/07 N. Gisch

The Services are described in further detail in the Scope of Work.  Contractor agrees to provide all tools, equipment, labor, supervision and supplies necessary to perform the Services (except for any tools, equipment and supplies specifically required to be provided by Target pursuant to the Scope of Work).  In the event that Contractor requests to borrow tools, equipment or supplies from Target, Contractor does so solely at Contractor's own risk and agrees to  inspect such tools, equipment or supplies and to exercise its own independent judgment in determining whether such tools, equipment or supplies are fit, sufficient and safe for Contractor's intended use.  Further, Target makes no warranties or representations with regard to any such borrowed tools, equipment or supplies.

The Scope of Work is incorporated by reference into this Agreement and may be updated by Target from time to time.  Any changes made by Target to the Contractor's Scope of Work shall be effective thirty days after notice to Contractor unless during this thirty day period Contractor gives Target written notice setting forth its reasonable objections to specific changes.  Target and Contractor shall endeavor to resolve Contractor's objections to the satisfaction of both parties, or Target may terminate this Agreement as provided in Section 3.

3.    **Termination.**  Unless sooner terminated in accordance with this Agreement, this Agreement shall have an initial term beginning on <u>September 2, 2005 (11 a.m.)</u> and ending on <u>September 2, 2008 (11 a.m.)</u> .  This initial term shall thereafter be extended until terminated at any time by either party by

221109.12/02/24/05                    1                    TARGET/ITZEP
Confidential
451

giving written notice to the other party not less than thirty calendar days prior to the effective date of the termination. The foregoing notwithstanding, Target may terminate this Agreement without cause at any time even during the initial term by giving written notice to Contractor not less than thirty calendar days prior to the effective date of the termination. If this Agreement relates to more than one Target location, the party terminating this Agreement pursuant to this paragraph shall specify in its notice the particular locations to which the notice of termination relates and this Agreement shall terminate as to those locations and continue as to the remaining locations.

Target may also terminate this Agreement for cause at any time in the event Contractor, if in Target's sole reasonable opinion, fails to perform or otherwise breaches this Agreement. Such failure or breach may include, but not be limited to, any failure by Contractor to provide any of the Services when scheduled, any failure by Contractor to provide a sufficient number of adequately trained (and licensed or certified, if applicable) personnel to perform Services when scheduled, or any failure by the employees or agents of Contractor to observe applicable Target regulations. Such termination for cause shall be effective upon the earlier of the date of receipt by Contractor of the notice of termination or a date which is three (3) business days from and after the date of mailing of said notice of termination. If this Agreement relates to more than one Target location, Target may, at Target's option, terminate this Agreement for cause as provided in this paragraph either in its entirety as to all locations, or only as to those locations for which a default or breach has occurred as designated in the notice of termination. Target shall specify in its notice the locations to which the notice of termination relates, and this Agreement shall terminate as to those locations and continue as to the remaining locations.

Target's sole obligation to Contractor upon termination of this Agreement shall be to pay Contractor for such Services as Contractor can document, to the satisfaction of Target, were actually provided prior to the date of termination in accordance with this Agreement, less any amounts due and payable by Contractor to Target hereunder.

4.    Payment. Target shall pay Contractor for the Services at the following rate(s)

| T Loc | Name | Address | City | State | Zip Code | Monthly Price including applicable tax | Monthly Chemical Budget |
|---|---|---|---|---|---|---|---|
| 162 | North Little Rock | 4000 McCain Boulevard | N. Little Rock | AR | 72116 | $8,250.00 | $536.55 |
| 1891 | Conway | 501 Elsinger Rd. | Conway | AR | 72032 | $7,950.00 | $631.61 |
| 1919 | Jonesboro | 3000 E HIGHLAND DR STE A | JONESBORO | AR | 72401-6357 | $7,950.00 | $623.85 |
| 92 | Wichita East | 301 South Armour | Wichita | KS | 67207 | $7,800.00 | $547.54 |
| 355 | Topeka | 2120 Wanamaker Road SW | Topeka | KS | 66614 | $7,800.00 | $571.97 |
| 905 | Salina | 2939 Market Place | Salina | KS | 67401 | $7,800.00 | $447.02 |
| 906 | Garden City | 2401 East Kansas Ave | Garden City | KS | 67846 | $7,435.00 | $435.40 |
| 946 | Hutchinson | 1529 E 17th Street | Hutchinson | KS | 67501 | $7,800.00 | $456.75 |
| 1487 | Mission | 63rd Street and Metcalf | Mission | KS | 66202 | $8,500.00 | $681.31 |
| 1543 | Olathe South | 20255 W. 154th Street | Olathe | KS | 66062-7055 | $8,500.00 | $609.84 |
| 1756 | Olathe | 15345 W 119th St | Olathe | KS | 66062 | $8,500.00 | $621.81 |
| 1821 | Manhattan | 800 Commons Place | Manhattan | KS | 66503 | $15,000.00 | $1,304.45 |
| 1842 | Overland Park South | 151st Street and Interstate 69 | Overland Park | KS | | $8,500.00 | |
| 1943 | Wichita Far West | 7575 West Maple | Wichita | KS | 67209 | $8,500.00 | $655.62 |
| 1944 | Wichita NE | 10800 E 21st St N | Wichita | KS | 67226 | $8,400.00 | $623.49 |
| | | | | | | $13,250.00 | $929.53 |

TARGET/ITZEP
Confidential
452

| 1945 | Wichita NW | 2727 Maize Road | Wichita | KS | 67205 | $13,250.00 | $929.53 |
| 2043 | Overland Park West | 11501 W 97TH ST | OVERLAND PARK | KS | 66214-2289 | $8,500.00 | $901.08 |
| 752 | Jefferson City | 735 W Stadium Blvd | Jefferson City | MO | 65109 | $8,400.00 | $458.36 |
| 774 | Joplin | 3151 East 7th St | Joplin | MO | 64801 | $7,950.00 | $446.88 |
| 1031 | Springfield | 1825 East Primrose | Springfield | MO | 65804 | $9,400.00 | $645.47 |
| 1177 | Kansas City-North | 8420 N. Madison Avenue | Kansas City | MO | 64155 | $8,400.00 | $637.14 |
| 1201 | KSC-Independence | 17810 E. 39th Street | Indepence | MO | 64055 | $8,400.00 | $628.32 |
| 1388 | Chouteau | 4375 Chouteau Trafficway | Kansas City | MO | 64117 | $8,400.00 | $605.08 |
| 1392 | Lees Summit | 1850 N W Chipman Rd | Lee's Summit | MO | 64081 | $13,750.00 | $1,135.05 |
| 1436 | Ward Parkway | 8509 State Line Road | Kansas City | MO | 64114 | $9,250.00 | $681.10 |
| 1455 | Liberty | 9220 NE Barry Road | Kansas City | MO | 64158 | $13,750.00 | $1,075.06 |
| 1538 | Belton | 1106 East North Avenue | Belton | MO | 64012-5104 | $8,400.00 | $597.87 |
| 1840 | Leawood | State Line Road & Missouri 150 Highway | Kansas City | MO | 64145 | $13,750.00 | $1,170.82 |
| 625 | Albuquerque NW | 9371 Coors Road NW | Albuquerque | NM | 87114 | $8,400.00 | $616.07 |
| 1034 | Santa Fe | 3550 Zafarano Street | Santa Fe | NM | 87505 | $8,500.00 | $620.69 |
| 2031 | Albuquerque NE | 6100 PASEO DEL NORTE NE | ALBUQUERQUE | NM | 87113-1512 | $8,500.00 | $616.85 |
| 19 | Tulsa | 1701 South Yale | Tulsa | OK | 74112 | $9,900.00 | $715.96 |
| 43 | Oklahoma City N | 5400 North May Avenue | Oklahoma City | OK | 73112 | $7,800.00 | $551.81 |
| 44 | Oklahoma City S | 800 SW 44th Street | Oklahoma City | OK | 73109 | $7,800.00 | $576.94 |
| 45 | Midwest City | 7601 East Reno | Midwest City | OK | 73110 | $7,800.00 | $512.05 |
| 46 | Norman | 2417 West Main Street | Norman | OK | 73069 | $7,800.00 | $569.52 |
| 270 | Eastland | 14009 East 21 Street | Tulsa | OK | 74134 | $7,800.00 | $413.77 |
| 1397 | Quail Springs | 13924 N Pennsylvania Ave | Oklahoma City | OK | 73134 | $13,750.00 | $1,306.76 |
| 1398 | Edmond | 1200 E 2nd Street | Edmond | OK | 73083 | $13,750.00 | $1,164.03 |
| 1782 | Tulsa SE | 10711 E 71st Street S | Tulsa | OK | 74133 | $15,750.00 | $1,336.86 |
| 1860 | Oklahoma City NW | 8315 N. Rockwell Ave. | Oklahoma City | OK | 73132 | $8,500.00 | $746.48 |
| 2061 | Midwest City | 7305 SE 29TH ST | MIDWEST CITY | OK | 73110-6122 | $8,500.00 | $711.71 |
| 2095 | Owasso | 9010 North 121st East Ave | Owasso | OK | 74055 | $7,950.00 | $617.67 |
| 174 | Marbach | 8215 Marbach Road. | San Antonio | TX | 78227 | $7,200.00 | $461.65 |
| 683 | Austin SE | 6405 South Interstate Hwy 35 | Austin | TX | 78744 | $7,400.00 | $557.34 |
| 684 | Woodland | 1100 Lake Woodland Drive | The Woodlands | TX | 77380 | $7,833.00 | $596.47 |
| 763 | Brownsville | 2940 Boca Chica | Brownsville | TX | 78521 | $7,800.00 | $458.01 |
| 801 | Laredo | 7501 San Dario | Laredo | TX | 78045 | $10,800.00 | $671.65 |
| 802 | Harlingen | 1002 Dixieland Road | Harlingen | TX | 78552 | $8,750.00 | $583.45 |
| 888 | Victoria | 7608 Zac Lentz Parkway | Victoria | TX | 77904 | $6,250.00 | $438.83 |

TARGET/ITZEP
Confidential
453

| 947 | DFW-Love Field | 9440 Marsh Lane | Dallas | TX | 75220 | $7,500.00 | $580.72 |
| 948 | NW San Antonio | 12621 I H-10 West | San Antonio | TX | 78230 | $7,200.00 | $449.05 |
| 954 | Killeen | 2500 E Central Tx Expwy | Killeen | TX | 76543 | $7,400.00 | $453.25 |
| 993 | HOU-Copperfield | 6955 N Highway 6 | Houston | TX | 77084 | $7,833.00 | $580.51 |
| 994 | New Braunfels | 642 S Walnut Street | New Braunfels | TX | 78130 | $7,400.00 | $413.21 |
| 1032 | Irving | 7845 N. MacArthur Blvd | Irving | TX | 75063 | $7,583.00 | $603.33 |
| 1115 | Conroe | 503 I-45 North | Conroe | TX | 77305 | $7,833.00 | $586.60 |
| 1124 | HOU-TomBall Pkwy | 21515 Tomball Parkway | Houston | TX | 77070 | $7,833.00 | $645.26 |
| 1395 | Vista Ridge | 725 Hebron Parkway | Lewisville | TX | 75057 | $13,333.00 | $1,260.56 |
| 1457 | Humble | 20777 Hiway 59 N | Humble | TX | 77338 | $13,333.00 | $1,113.56 |
| 1458 | Houston North Central | 19511 I H 45 | Spring | TX | 77388 | $13,333.00 | $1,102.08 |
| 1542 | Austin East | 5621 N I H 35 | Austin | TX | 78723 | $8,400.00 | $593.18 |
| 1785 | San Antonio W | 11311 Bandera Road | San Antonio | TX | 78250 | $13,250.00 | $1,229.69 |
| 1852 | San Antonio SE | 3227 Southeast Military Dr. | San Antonio | TX | 78223 | $8,100.00 | $621.04 |
| 1894 | Cypress | 25901 Highway 290 | Cypress | TX | 77429 | $7,833.00 | $584.08 |
| 1904 | Houston Tomball N | 14302 FM 2920 Rd. | Tomball | TX | 77377 | $7,833.00 | $604.45 |
| 1962 | Waxahachie | 1316 N. Highway 77 | Waxahachie | TX | 75165-5116 | $7,900.00 | $549.40 |
| 1979 | San Antonio Westover | 8223 State Hwy 151 | San Antonio | TX | 78245-2104 | $8,100.00 | $595.81 |
| 2066 | Willowbrook | 6801 FM 1960 RD W | Houston | TX | 77069-3803 | $7,833.00 | $621.00 |

Contractor agrees to the following **Discount for Early Payment:** (check applicable box)

☑ Option not available
☐ Target may elect to take a discount of _____% for payment made within_____ days of receipt of Contractor's invoice.

Target pays from invoice only and no amount shall be payable by Target hereunder until Contractor has complied with the payment procedures set forth in the Scope of Work, or with such other reasonable procedures as Target may designate in writing. Invoices must be submitted during the first week of the month following the month in which the invoiced Services were provided. Invoices shall be submitted to Target's designated billing address and shall be accompanied by such backup documentation as Target may reasonably require. Target shall pay proper invoices within thirty days of receipt. If applicable, Target may deduct from the amount of an invoice the amount of the discount for early payment or any amount due and payable by Contractor to Target hereunder. In no event shall Contractor deliver invoices or shall Target be obligated to pay invoices for Services not actually provided prior to the invoice date. Target shall have the right upon thirty days' prior notice to audit Contractor's books and records as they relate to the Services provided by Contractor pursuant to this Agreement.

In Target's sole discretion and as may be further described in the Scope of Work, Contractor may be subject to certain charges for failure to perform Services as required by Target. Such charges payable by Contractor shall, in Target's sole and absolute discretion, be paid in cash, credited against other Services, deducted from outstanding invoices or set-off against Contractor's account, or any combination of these.

TARGET/ITZEP
Confidential
454

5.    **Independent Contractor.**  By this Agreement, Target and Contractor intend to create an independent contractor relationship.  As such, Target is interested only in the results of Contractor's performance and not the specific method or manner of performance.  Therefore, while Contractor agrees to perform the Services in accordance with and to Target's standards and specifications, Contractor retains sole and exclusive control over the method and manner in which the Services are performed.  All Services performed pursuant to this Agreement are subject to Target's right of inspection and must meet with Target's approval.

The parties agree that Contractor desires to and shall be the sole employer of all persons providing Services under this Agreement and that Target is establishing only an independent contractor relationship with Contractor and all such persons.  All persons used by Contractor to provide Services under this Agreement shall be employees only of Contractor and shall not in any way be employed, including directly or jointly, by Target.  Contractor shall be exclusively responsible for recruiting, hiring, disciplining, terminating and managing all persons providing Services.  Target shall have no authority to hire, terminate, control, supervise or direct such persons.  Accordingly, Contractor shall pay all taxes imposed by reason of the employment of such persons, including, but not limited to, any payroll taxes, social security taxes, unemployment compensation taxes and the like; and shall pay to all such persons all earned compensation including any required overtime.  Contractor shall also be exclusively responsible with regard to such persons for compliance with all immigration and work authorization laws, and all other federal, state and local laws related to the employment relationship including, but not limited to, compensation, benefits, workers compensation, and wage and hour requirements.

Contractor shall pay all federal, state and local payroll, social security, unemployment and other taxes, contributions and premiums required to be withheld or paid with respect to its employees, and shall file all returns incident to such taxes, contributions and premiums.  Target shall have no obligation to provide Contractor or any of Contractor's employees with any employee benefits provided for employees of Target.  Contractor may not claim benefits from Target under applicable workers' compensation laws for injuries sustained by Contractor or its employees while providing Services.

In addition, Contractor agrees to comply with all federal, state and local laws, regulations and requirements applicable to employment of persons providing Services including, but not limited to, laws regarding immigration compliance, work authorization, compensation, overtime, minimum wage, the provision of meal and break periods, and prohibitions against discrimination and harassment.  Contractor understands that it is exclusively responsible for ensuring and shall ensure that such persons take appropriate meal periods and rest breaks as required by law.

Contractor shall have no right to purchase goods or services in the name of Target, execute or make contracts in the name of Target, or obligate Target in any way.  Contractor is not an agent or employee of Target and cannot represent itself as such.  Expenses incurred by Contractor in the performance of this Agreement shall be reimbursed only if approved by Target in writing prior to being incurred by Contractor.

In the event any court or administrative tribunal or agency with appropriate jurisdiction determines that an employment relationship has been or shall be established by the performance of this Agreement, this Agreement shall immediately cease and Contractor shall reimburse and indemnify Target for expenses of any nature, including, but not limited to, tax withholding and insurance claims in the nature of unemployment compensation and/or workers' compensation, imposed by any level of government.

6.    **Compliance with Law.** Contractor shall comply with all federal, state and local government laws, regulations and requirements applicable to Contractor's performance under this Agreement (including, by way of illustration only and not intending to limit the generality of the foregoing, applicable federal or state OSHA regulations and guidelines, EPA regulations and guidelines and all other applicable regulations relating to the use, clean-up and disposal of materials used in providing Services (including requirements relating to the provision of material safety data sheets)).  Contractor shall procure and maintain at its sole expense all necessary permits and licenses for the conduct of its business.  In the event of an allegation that Contractor has failed to comply with any law, regulation or requirement, or failed to obtain any permit or

license, Contractor shall pay any fines or penalties imposed upon Target and shall reimburse Target for any expenses (including attorneys' fees) incurred by Target in responding to such allegation.

Contractor certifies that all of its employees and agents performing Services pursuant to this Agreement have provided Contractor with proper documentation indicating that they are legally authorized to work in the United States.

Contractor shall, from time to time as may be required by Target, provide a written, notarized certification statement to Target that all employees of Contractor, and all agents, servants, independent contractors or anyone else related to Contractor, meet Contractor's obligations under this Agreement and are properly documented to legally work in the United States (the certification statement is sometimes referred to as the "Compliance Certification"). The form of Compliance Certification shall be provided by Target.

7.    <u>Workers Performing Services Under this Agreement</u>. *Complete this Section 7 only if the Services to be provided under this Agreement are Landscaping, Pest Control, Lot Sweeping, Snow and Ice Control, Housekeeping, or Re-lamping Services being provided in the State of California.*

The estimated number of workers to be employed by Contractor to perform Services pursuant to this Agreement is _____. These workers shall be paid an hourly wage of no less than $_____ _____ per hour and shall be paid twice during each calendar month, unless a shorter interval or earlier pay date is required by law. The total wages to be paid per month under this Agreement is approximately $_____.

<u>Independent Contractors</u>. (check applicable box)

☐    Not Applicable.  Contractor shall not use independent contractors and warrants and represents that all persons providing Services under this Agreement shall be Contractor's employees.

☐    The total number of persons who shall be utilized by Contractor as independent contractors shall be _____.  These persons' local, state, and/or federal contractor license identification numbers are as follows:

| Name | Identification Number(s) |
|------|--------------------------|
|      |                          |
|      |                          |
|      |                          |
|      |                          |

8.    <u>Worker Housing</u>. (check applicable box) *Complete this Section 8 only if the Services to be provided under this Agreement are Landscaping, Pest Control, Lot Sweeping, Snow and Ice Control, Housekeeping, or Re-lamping Services being provided in the State of California.*

☐    Not Applicable.  No real property shall be used to house workers in connection with any Services provided pursuant to this Agreement.

☐    The address of real property used to house workers in connection with any Services provided pursuant to this Agreement is as follows:

| Address: |   |
|----------|---|
|          |   |

9.    <u>Contractor Vehicles</u>.  (check applicable box) *Complete this Section 9 only if the Services to be provided under this Agreement are Landscaping, Pest Control, Lot Sweeping, Snow and Ice Control, Housekeeping, or Re-lamping Services being provided in the State of California.*

TARGET/ITZEP
Confidential
456

☐    Not Applicable.    No Contractor owned vehicles shall be used for transportation in connection with any Services provided pursuant to this Agreement other than equipment used to provide the Services.

☐    The vehicle identification information for Contractor owned vehicles that shall be used for transportation in connection with any Services provided pursuant to this Agreement, other than equipment used to provide the Services, is as follows:

| | |
|---|---|
| Vehicle identification number(s): | |
| Insurance policy number(s): | |
| Insurance carrier name, address and telephone number: | |

10.    **Warranties and Guarantees.**  Contractor warrants and guarantees that the Services (a) shall be provided in a professional and worker-like manner (b) shall be performed by properly-trained and competent personnel who hold current licenses or certifications if required to be so licensed or certified by applicable law or industry standard, all of whom are familiar with Target's operations and expectations, and (c) shall meet all industry standards applicable to the Services.  Contractor further warrants and guarantees that its employees shall conform to any and all reasonable clothing and security regulations of Target.

11.    **Indemnification.**  Except as provided herein, Contractor agrees to assume responsibility for all injuries or damages to persons or property which relate to or arise out of Contractor's performance of Services, Contractor's failure to perform its obligations under this Agreement, or the negligence or wrongful acts of Contractor or its agents or employees.  Contractor, to include its agents, servants, employees, assigns, independent contractors, or anyone else retained by Contractor for the performance of Contractor's obligations under this Agreement, shall defend, indemnify and hold harmless Target and its agents and employees, from and against (1) any and all claims, suits, losses, damages, judgments or expenses (including attorney's fees incurred in responding to claims or suits) which relate to, arise out of, or are asserted or incurred as a result of, Contractor's performance of Services, Contractor's failure to perform its obligations under this Agreement, or the negligence or wrongful acts of Contractor or its agents or employees; and (2) any claims made by Contractor's employees or agents arising out of the performance of Services;  provided, however, that the foregoing indemnity obligations shall not apply to any injury, damage or loss to the extent such injury, damage or loss is caused by the sole negligence of Target.  The obligations under this paragraph shall survive the termination of this Agreement.

Contractor shall, at its expense, be responsible for the defense of any claims or suits for which it is obligated to indemnify Target and shall, in connection with such defense, provide Target with counsel reasonably satisfactory to Target.  Target shall cooperate with Contractor, as Contractor reasonably requires, in any such defense.  Upon request, Contractor shall advise Target of the current status of any action, claim, demand or suit being defended by Contractor in accordance herewith.  Target shall have the right, at its option and at its own expense, to defend (with or without Contractor) any such actions, claims, demands and suits.

If any claims are made against Target as a result of the Services or as a result of any actions or failures to act by the Contractor, or if Target reasonably believes that such claims shall be made, Target may withhold from the amount otherwise due or to become due under this Agreement such amount as Target reasonably determines may be necessary to cover such claims and to cover any costs which Target reasonably anticipates may be incurred in connection with defending against such claims.  The foregoing right to withhold payment shall not be Target's exclusive remedy and shall be in addition to any other remedies which Target may have under this Agreement or at law or in equity.

TARGET/ITZEP
Confidential
457

12.  **Limitation of Liability.**  The work to be performed under this Agreement shall be performed at Contractor's risk.  Target shall not be liable for any loss, theft or damage of or to the vehicles, tools, equipment, supplies or other property of Contractor or its employees, or in the possession or custody of Contractor or its employees, nor shall Target be liable for any damage to Contractor's business or other consequences arising out of such loss, theft or damage.

13.  **Insurance.**  Contractor shall maintain, at Contractor's expense, the following insurance:

A.  Workers' compensation insurance for all of its employees in such amounts as required by applicable law and employer's liability insurance in the amount of $1,000,000;

Contractor's Workers' Compensation insurance provider and current policy information is as follows:

| Current policy number: | GL3035216,UMS0015350, WC3035215 |
|---|---|
| Insurance carrier name, address and telephone number: | Horton Insurance Agency, Inc. 10900 Hefner Pointe Drive Suite 305 Oklahoma City, OK. 73120 405 840 0008 |

B.  Commercial general liability insurance with minimum limits of liability of $1,000,000 combined single limit per occurrence and $2,000,000 general aggregate per project.  Such insurance shall provide coverage for completed operations and Contractor's indemnification obligations set forth in this Agreement.

C.  Automobile liability insurance (bodily injury and property damage liability), including coverage for owned, hired and non-owned automobiles, with minimum limits of liability of $1,000,000 combined single limit per occurrence.

D.  If the Services are professional services, professional liability insurance covering claims arising from real or alleged errors, omissions or negligent acts committed in the performance of the Services.  The limits of liability shall not be less than $5,000,000 per occurrence, $5,000,000 aggregate.  Coverage shall be maintained in effect or three (3) years after final completion of Services.

All insurance required by this Agreement shall be provided by an insurance company or companies acceptable to Target and licensed to do business in the state in which the Services are provided, shall be written as a primary policy not contributory with any other coverage which Target may carry, shall provide that coverage shall not be terminated or changed without at least thirty (30) days prior written notice to Target and shall include Target as an additional insured.  Prior to performing any Services, Contractor shall provide Target with certificates of insurance evidencing the insurance required by this Agreement.  Contractor shall provide a new certificate of insurance to Target on an annual basis while this Agreement is in effect.  The certificates shall contain sufficient information to show that Contractor carries worker' compensation insurance in all states in which Services are being provided. The purchase of such insurance and furnishing of such certificates shall not limit Contractor's obligations under this Agreement or in any way modify Contractor's agreement to indemnify Target.

14.  **Safety.**  Contractor is responsible for its own safety program in accordance with applicable provisions of the Occupational Safety and Health Act (OSHA).  Contractor shall be responsible for payment of all fines and/or claims for damages levied against Target for environmental, health and safety deficiencies relating to conduct of the Contractor's work.  Contractor shall comply with all applicable local, State, and Federal environmental, safety, and health regulations and with Target's rules and regulations for safety requirements for all outside contractors and construction crews.  Contractor shall comply with all provisions of the Prevailing Right-to-know and Resource Conservation and Recovery Act and shall, in addition, provide Target with the following substantiation of the same:

A.  A copy of all material safety data sheets (MSDS) for each covered chemical and shall have a copy of the same available for employees.

B.  Shall provide training as required to its employees.

C.  Submit a copy of its written hazard communication program to Target upon request.

D.  Shall identify one person who is in charge of the program.

E.  Shall properly label and store all containers of chemicals on site or used in performance of this Agreement.

F.  Shall dispose of all chemicals used in performance of the contract in a manner prescribed by the Resource Conservation and Recovery Act and/or other applicable laws and regulations.

15.    **Non-Disclosure Agreement.**  Contractor has executed a Vendor Non-Disclosure Agreement. Contractor acknowledges and agrees that the Vendor Non-Disclosure Agreement is in full force and effect and shall apply to its dealings with Target pursuant to this Agreement.  Neither party shall exercise its right under the Vendor Non-Disclosure Agreement to terminate the Vendor Non-Disclosure Agreement while Contractor is providing Services to Target under this Agreement.  The Vendor Non-Disclosure Agreement shall not terminate upon termination of this Agreement and may only be terminated in accordance with its terms.

16.    **Security and Bonds.**  Contractor and its employees and agents shall be subject to all security checks and regulations that Target deems necessary and shall comply with any written security regulations provided by Target.  Contractor shall advise each of its employees and agents performing Services that Target shall not tolerate theft or misuse of its moneys, merchandise, property or equipment, violation of its security regulations, or abuse of its customers or employees.  Target shall have the right to reject any employee or agent of Contractor assigned to duty at Target, and to require the immediate removal of such employee or agent from Target's premises.  Contractor shall cooperate in any investigation of theft, loss, or violation of Target's policies involving any of Contractor's employees or agents.  Contractor shall be responsible for all losses to Target occasioned by the activities of its employees or agents (including, but not limited to, thefts) and shall reimburse Target for all such losses.  Such losses shall be reimbursed to Target within ten days after Contractor is presented with evidence of the loss.  Losses of merchandise shall be calculated on the basis of the retail value of the merchandise.  A signed statement from an employee or agents of Contractor admitting to the theft or loss shall be conclusive evidence of the loss.  If Contractor fails to reimburse Target within ten days, Contractor shall be liable for any expenses incurred by Target to recover such losses.  Target may withhold the amount of such losses from any payments owed by Target to Contractor.  Target shall provide reasonable assistance to aid Contractor in filing a claim with its bonding company or insurance carrier, but Contractor shall reimburse Target for the loss whether or not Contractor is able to recover from its bonding company or insurance carrier.

If the Services shall be performed inside any Target location during hours that the location is not open to the general public, Contractor shall maintain employee dishonesty bonds on its employees providing such services to Target.  Such bonds shall:

A.  Be issued by companies licensed to do business in the state where the Services shall be performed;

B.  Be in amounts not less than $25,000.00 per Contractor employee for Target Corporation locations.

C.  Include coverage for loss of money, merchandise or other property through any fraudulent or dishonest act committed by any Contractor employee, whether acting alone or in collusion with others;

TARGET/ITZEP
Confidential
459

D.  State that Target shall be notified in writing at least thirty days prior to cancellation, material change in, or non renewal of the bond.

17.  **Taxes**.  Contractor shall be responsible for the payment of any and all taxes, of whatever type, including, but not limited to, sales and use taxes, which either Contractor or Target is required to pay as a result of this Agreement or Contractor's provision of the Services.  The amount payable to Contractor under Section 4 above shall include all taxes.  Contractor shall separately identify the amount of such tax on all of Contractor's invoices.

18.  **Non-Exclusive**.  Target does not agree to use Contractor exclusively or to provide any minimum amount of work.  Contractor is free to contract to perform similar services to others during the term of this Agreement.

19.  **Governing Law**.  This Agreement and performance hereunder shall be governed in all respects by the laws of the State of Minnesota.  Contractor and Target hereby agree that any legal action or proceeding involving this Agreement may be brought in the courts of the State of Minnesota or the United States of America, District of Minnesota, and by execution and delivery of this Agreement, Contractor and Target hereby accept for themselves and in respect of their property the jurisdiction of the aforesaid courts.

20.  **Arbitration of Disputes**.  In the event of a third party claim or action against Contractor or Target in which Contractor does not agree to wholly and completely indemnify and hold Target harmless, if the third party agrees with Target to submit their dispute to binding or non-binding arbitration or mediation, Contractor shall be bound to participate in such arbitration and/or mediation.

21.  **Default**. In the event Contractor breaches any of its obligations hereunder, Target may undertake any one or more of the following remedies (provided, however, that Target shall not be allowed to receive double recoveries for any damages):

A.  Terminate this Agreement, effective either upon three days' prior written notice or immediately upon written notice, if the breach is such that Target believes, in its sole opinion, that it must take immediate steps to cure such a breach;

B.  Cure or begin to cure such breach and (i) invoice Contractor or (ii) set off from any amounts due to Contractor hereunder for Target's reasonable costs in connection therewith, including, without limitation, the cost of enforcing Contractor's obligations hereunder;

C.  If the breach involves an obligation, the breach of which may subject Target to a governmental fine or penalty, fine Contractor an amount not to exceed the greater of $1,000.00 or the amount of any penalty or fine imposed by any governmental body in connection therewith;

D.  Set off any damages incurred by Target arising from such breach against and from any amounts due to Contractor hereunder;

E.  Sue Contractor for damages and/or specific performance hereunder, or for any other remedy available at law or in equity.

. All remedies given herein are cumulative and the exercise of one remedy shall not preclude the exercise of any other remedy provided herein or by law.  No waiver by either party of any failure on the part of the other party to observe strictly the terms of this Agreement shall preclude the strict enforcement of this Agreement with respect to any subsequent default by such other party.

22.  **Building Alarms.**   In the event a building alarm is negligently or accidentally triggered by Contractor or its employee or agent, Contractor shall pay all of Target out-of-pocket costs and administrative expenses in connection therewith, including a minimum administrative charge of $100.

Contractor understands the foregoing amounts payable to Target have been agreed to in view of the difficulty in determining Target's actual costs and damages, because of difficulties in apportioning the costs of personnel responding to such alarms and the fact that Target's alarm vendors and public authorities have different policies, procedures and thresholds in connection with false alarms and with violations of rules and regulations.

**23.    Entire Agreement.** This Agreement, including any Exhibits to this Agreement or documents referenced in this Agreement, contains the entire agreement of the parties and supersedes and cancels all prior agreements between the parties for Services at any of the location(s) covered by this Agreement. No statements or representations not included herein shall be binding upon the parties and no modification or amendment of any of the terms hereof shall be valid or binding unless made in writing and signed by duly authorized officers of Contractor and Target.

**24.    Subcontracting.** Contractor shall not subcontract for Services that Contractor is to provide under this Agreement without Target's prior written approval. Any approved Subcontractor must execute an agreement that is substantially similar to this Agreement and that complies with all applicable state and federal requirements. In the event that Target's approval is given, the following provisions apply: A Subcontractor is a person or entity who has a direct contract with the Contractor to perform Services for the locations listed in Section 4 above. Contractor shall not contract with any Subcontractor who is not acceptable to Target. Contractor shall make no substitution for any Subcontractor previously selected without first getting Target's approval. Contractor shall provide such information as Target may require from time to time regarding its Subcontractors.

By an appropriate written contract, Contractor shall require each Subcontractor, to the extent of the Services to be performed by the Subcontractor, to be bound to Contractor by the terms of this Agreement, and to assume toward Contractor all obligations and responsibilities which the Contractor by the Agreement assumes toward Target. Such contract shall preserve and protect Target's rights under the Agreement with respect to the Services to be performed by the Subcontractor, so that the subcontracting thereof shall not prejudice such rights. Contractor shall make available to each proposed Subcontractor copies of those portions of the Agreement to which Subcontractor shall be bound.

To the extent that Contractor is obligated to provide its own Compliance Certification to Target, Contractor shall require each Subcontractor to provide Contractor a written, notarized certification statement that Subcontractor shall comply with all applicable federal, state and local laws regarding compensation, eligibility and conditions of employment including all wage and hour, minimum wage and overtime laws, and that all employees of Subcontractor, and all agents, servants, independent contractors or anyone else related to Subcontractor to meet Contractor's obligations under the Agreement are properly documented to legally work in the United States. The form of Subcontractor Compliance Certification shall be provided by Target. Contractor shall provide Target copies of such completed Subcontractor Compliance Certifications received from its Subcontractors from time to time as may be required by Target.

Nothing in this Agreement shall create any contractual relationship between Target and any Subcontractor.

**25.    Assignment.** Neither party shall assign this Agreement without the prior written consent of the other party except that Target may assign this Agreement to an affiliated entity or pursuant to any such assignment that may ordinarily happen by operation of law. Except as so restricted, this Agreement shall be binding upon and inure to the benefit of the successors and assigns of the respective parties.

**26.    Notification or Pending Investigations or Claims Against Contractor.** Contractor agrees to notify Target of any investigation of Contractor by any state or federal agency within seven (7) days after Contractor becomes aware of such investigation. Contractor further agrees to notify Target of any claims, complaints, or lawsuits filed against Contractor within seven (7) days after Contractor becomes aware of such claim, complaint or lawsuit.

TARGET/ITZEP
Confidential
461

27.   Notification of Changes to Information Contained in Agreement.   Contractor shall immediately notify Target of any updates or changes to information provided by Contractor that is contained in this Agreement.   Without limiting the scope of Contractor's obligation, this provision specifically includes, but is not limited to, the information provided by Contractor that is contained in Sections 1, 6, 7, 8, 9, and 13.

28.   Notices.   All notices, requests, consents, demands, approvals and other communications hereunder shall be sent in any of the following ways: (A) postage prepaid by registered or certified mail, return receipt requested, addressed as set forth below, with such notice effective upon receipt or upon the date that delivery is attempted and refused; (B) delivered personally, with such notice effective upon delivery; or (C) by nationally-recognized overnight courier such as DHL, Airborne Express or Federal Express, with such notice effective at the date and time noted in the delivery records of the overnight courier. Either party, upon written notice to the other, may designate a new notice address.

　　　　If to Contractor:　　　To the address stated in Section 1.

　　　　If to Target:　　　Target Corporation
　　　　　　　　　　　　1000 Nicollet Mall
　　　　　　　　　　　　Minneapolis, MN 55403
　　　　　　　　　　　　Attn: **Contract Services TPN-0624**

29.   Severability.   If any provision of this Agreement shall be deemed invalid or unenforceable, this Agreement shall be construed as though such provision does not appear herein and shall be otherwise fully enforceable.

30.   Headings.   The headings to the various sections of this Agreement have been included for convenience of reference and shall not affect the meaning of the language included therein.

*[The balance of this page is intentionally left blank.  Signature page follows.]*

TARGET/ITZEP
Confidential
462

221109.12/02/24/05　　　　　　　　　　　12

**AGREED TO AND ACCEPTED BY:**

**Target Corporation**

By: _Michael Bell_

Name/Title: Michael A. Bell
Vice President, Building Services
Target Corporation

Date: 8-18-05

**Contractor Name:**

Jims Maintanance

By: Bryan Funderbu

Name/Title: Bryan Funderburgh
President

Date: 8-11-05

Attachments:    Applicable Scope of Work
Form of Compliance Certificate, if applicable

For Target internal use only (check the applicable box):
Contractor does not provide Services in California (Contractor signs one agreement)
Contractor provides Services only in California (Contractor signs one agreement – make sure that Sections 7, 8, 9 and 13 are completed)
Contractor provides Services in California and elsewhere (Contractor should sign two agreements – make sure that Sections 7, 8, 9 and 13 are completed in the agreement applicable to Services provided in California)

TARGET/ITZEP
Confidential
463